UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNITA K. BELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONWIDE RECOVERY SYSTEMS, LTD.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.3:22-cv-00466<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KENNITA K. BELL ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of NATIONWIDE RECOVERY SYSTEMS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over the age-of-18 residing within the Northern District of Texas.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. Defendant provides third party debt collection services. Defendant's registered agent is located at 2222 Sedwick Rd., Durham, North Carolina 27713. Defendant regularly collects upon consumers located within the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action stems from Defendant's attempts to collect a personal medical debt ("subject debt") from Plaintiff.

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

11. Upon information and belief, Defendant began attempting to collect upon the subject debt around late 2021.

12. Upon speaking with Defendant, Plaintiff informed it that she does not recognize or owe the subject debt.

13. Moreover, the Defendant's identifying information for the purported debtor did not match Plaintiff's information.

14. Nevertheless, Defendant continued attempting to collect the subject debt from Plaintiff, even reporting the subject debt on Plaintiff's credit report.

15. On December 20, 2021, Defendant mailed or caused to be mailed a collection letter a dunning letter to Plaintiff.

16. Defendant's December 20, 2021 correspondence does not comply with 12 CFR 1006.34, which outlines multiple requirements debt collectors must adhere when sending dunning letters to consumers.

17. For example, Defendant's December 20, 2021 dunning letter does include the charge off date of the subject debt.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

19. Plaintiff has incurred costs and expenses consulting with and retaining her attorney as a result of Defendant's conduct.

20. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

21. Plaintiff was further subjected to deceptive and misleading conduct by Defendant, which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to represent that it could collect the subject debt when it knew or should have known that Plaintiff did not owe the subject debt and that she disputed it. Defendant's actions only served to worry and confuse Plaintiff.

30. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant's implicitly represented that it did not have to

provide Plaintiff with information Plaintiff has a right to obtain in a dunning letter. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692g

31. The FDCPA, pursuant to 15 U.S.C. §1692g, requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains information regarding a debt.

32. Defendant violated § 1692g through its failure to comply with 12 CFR 1006.34 in multiple ways.

WHEREFORE, Plaintiff, KENNITA K. BELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

38. Defendant violated the TDCA when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to represent that it could collect the subject debt when it knew or should have known that Plaintiff did not owe the subject debt and that he disputed it. Defendant's actions only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, KENNITA K. BELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2022                                Respectfully submitted,

s/ Nathan C. Volheim                                    s/ Eric D. Coleman

| | |
|---|---|
| Nathan C. Volheim, Esq. #6302103<br>*Counsel for Plaintiff*<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | Eric D. Coleman, Esq. # 6326734<br>*Counsel for Plaintiff*<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(331) 307-7648 (phone)<br>(630) 575-8188 (fax)<br>ecoleman@sulaimanlaw.com |

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 Ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com